**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------

LAWRENCE LYLE LASKO,

                          Plaintiff,

                  v.                                              No. 3:11-CV-1480
                                                                  (DNH/DRH)

THOMAS P. WALSH, Assistant U.S. Attorney;
COURTNEY A. PAIGE, U.S. Probation Officer;
LISA E. PEEBLES, Assistant U.S. Public
Defender; DAVID E. BUTLER, ESQ., CJA Public
Defender; JAMES F. GREENWALD, Assistant
U.S. Public Defender; BRIAN S. BESSER, D.E.A.
Special Agent; FREDERICK J. MEAGHER, CJA
Public Defender; SCOTT PAULEY, N.Y.S. Inv.,
Nichals, NY; PATRICK L. HOGAN, Inv., Tioga
County, NY; JANE DOES; and JOHN DOES,

                          Defendants.

-----------------------------------------------------------------

**APPEARANCES:**

LAWRENCE LYLE LASKO
Plaintiff pro se
R11894-052
Terre Haute U.S. Penitentiary
Inmate Mail/Parcels
Post Office Box 33
Terre Haute, Indiana 47808

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

### REPORT-RECOMMENDATION and ORDER

       Presently pending is the application of plaintiff pro se Lawrence Lyle Lasko ("Lasko") to

proceed in forma pauperis. Dkt. No. 2. For the reasons which follow, it is hereby ordered that

Lasko's application to proceed in forma pauperis be granted and it is recommended that the

complaint be dismissed.

The background of Lasko's criminal conviction, direct appeals, and post-conviction litigation is described in detail in the decision of United States District Judge Thomas J. McAvoy in Lasko v. The United States Department of Justice, No. 10-CV-1205 (TJM/DEP) (N.D.N.Y. filed Jan. 19, 2011), appeal dismissed, Lasko I, Dkt. No. 11 (2d Cir. filed Oct. 5, 2011) (holding that Lasko's appeal lacked "an arguable basis in law or fact."). ("Lasko I"). Familiarity with that decision is assumed, and a copy of that decision is attached hereto and incorporated herein by reference.  Lasko commenced this action in the District of Columbia. Dkt. No. 1.  The action was thereafter transferred to this District.  Dkt. No. 3.  The claims in this action restate those in Lasko I.  Therefore, for the same reasons as stated in Lasko I, it is hereby

**ORDERED** that Lasko's motion for leave to proceed in forma pauperis (Dkt. No. 2) is **GRANTED**; and

**IT IS RECOMMENDED** that the complaint herein be dismissed for the same reasons described in Lasko I; and

**IT IS FURTHER ORDERED** that Lasko's letter-motion for various relief (Dkt. No. 7), including the appointment of counsel, the recusal of the undersigned and the transfer of this case back to the District of Columbia, is **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court "within fourteen (14) days after being served with a copy of the . . . recommendation."  N.Y.N.D.L.R. 72.1(c) (citing 28 U.S.C. §636(b)(1)(B)-(C)).  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.**  Roldan v. Racette, 984 F.2d

85, 89 (2d Cir. 1993); <u>Small v. Sec'y of HHS</u>, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. §

636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated:  March 28, 2012
     Albany, New York

_____

United States Magistrate Judge

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

------------------------------------------------------------

LARRY LYLE LASKO,

                    Plaintiff,

v.                                          Civ. Action No.
                                            3:10-CV-1205 (TJM/DEP)

THE UNITED STATES DEPARTMENT
OF JUSTICE (DOJ), GLENN T. SUDDABY,
United States Attorney, THOMAS P. WALSH,
A.U.S.A., LISA E. PEEBLES, A.U.S.P.D.,
JAMES F. GREENWALD, A.U.S.P.D.,
DAVID E. BUTLER, ESQ.,FREDERICK J.
MEAGHER, JR., ESQ., COURTNEY
A. PAGE, U. S. Probation Off., THE
DRUG ENFORCEMENT ADMINISTRATION
(DEA),MARK J. NEMIER, Resident Agent
in Charge, BRIAN S. BESSER, Special Agent,
and other JANE AND JOHN DOE'S,
THE NEW YORK STATE POLICE (N.Y.S.P.),
RICHARD NUZZO, N.Y.S.P., Lt. Sup.,
GARY GALLENGER, SR., N.Y.S.P., Inv.,
SCOTT PAULEY, Inv., PAUL NOVOBILSKI, Inv.
DANIAL ORTIZ, Inv., MARK CAVE, Inv.,
ALFONSE ORTEGA, Inv., BILL STANDINGER,
Inv., JOHN R. WOOD, N.Y.S. Trooper,
SCOTT CIPOLLINA, N.Y.S.P. Tro.,
DENNIS WASIELEWSKI, N.Y.S.P. Tro.,
MIKE HONIG, N.Y.S.P. Tro., and other JANE
AND JOHN DOE'S, TIOGA COUNTY
SHERIFF'S OFFICE (T.C.S.) Investigations
Unit, UNIT SUPERVISOR, SR., PATRICK
K. HOGAN, DAN EIKLOR, Inv. and
BRAD TALCOTT, Inv., and other
JANE AND JOHN DOE'S as sued in their
individual and official capacities,

                    Defendants.

------------------------------------------------------------

APPEARANCES:

1

LARRY LYLE LASKO
Plaintiff, *pro se*

THOMAS J. McAVOY
SENIOR U.S. DISTRICT JUDGE

DECISION and ORDER

## I.   BACKGROUND

The Clerk has sent to the Court a Complaint, together with an application to proceed *in forma pauperis*, and a request that the Clerk reassign this matter to both a different district judge and magistrate judge, all which have been filed by *pro se* Plaintiff, Larry Lyle Lasko. *See* Dkt. Nos. 1, 2, and 5. Plaintiff, who is presently incarcerated at the Federal Correctional Institution ("FCI") at Cumberland, Maryland, was convicted in this Court, on October 21, 2003, of conspiracy to manufacture 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846, and subsequently pleaded guilty to one count of possessing a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g). *See United States v. Lasko*, No. 3:03-CR-210, Jury Verdict (Dkt. No. 73) and Minute Entry of 10/22/03 (Dkt. No. 77). On February 19, 2004, the Court sentenced Lasko to a term of imprisonment of 210 months on the methamphetamine count and 120 months with respect to the firearms charge, with the sentences to run concurrently. *Id.* at Dkt. Nos. 81 and 82. The present lawsuit is part of a series of litigation relating to his conviction pursued by the Plaintiff not only in this Court and the Second Circuit Court of Appeals, but in the District Court for the District of Columbia and the D.C. Circuit Court of Appeals.

On direct appeal, the Second Circuit affirmed Lasko's conviction in this Court, in

2

part, and remanded for consideration of resentencing. *See United States v. Lasko*, No. 04-114, 146 Fed. Appx. 530, 2005 WL 2114089 (2d Cir. Sept. 2, 2005), *cert. denied*, 546 U.S. 1155 (2206); *see also United States v. Lasko*, No. 3:03-CR-210, Dkt. No. 96. By Decision and Order dated June 12, 2006, the Court determined that resentencing of Lasko was not warranted. *See United States v. Lasko*, No. 3:03-CV-210, Dkt. No. 106. Having failed to file a timely notice of appeal from that decision, on November 30, 2007, Lasko filed a motion for leave to reopen the time for filing an appeal, which the Court denied. *See id.* at Dkt. Nos. 116, 119. Lasko timely appealed from the denial of his motion to reopen the time to appeal, *see id.* at Dkt. No. 120, and on March 5, 2009, the Second Circuit dismissed that appeal, *see id.* at Dkt. No. 145.

On November 17, 2008, Plaintiff filed a motion for habeas corpus relief with this Court, pursuant to 28 U.S.C. § 2255, asserting various grounds for vacating his conviction. *United States v. Lasko*, No. 3:03-CV-210, Dkt. No. 139. The Court granted Lasko's application only to the extent that it resentenced Lasko in open court with counsel present, imposing the same sentence and entering an Amended Judgment on March 31, 2010. *See id.* at Dkt. Nos. 151, 154, 155, 157, and 158. Plaintiff appealed both the Decision and Order of December 15, 2009 addressing his Section 2255 motion, *id.* at Dkt. No. 152, as well as the Amended Judgment, *id.* at Dkt. No. 161. The appeal of the December 15, 2009 was dismissed, and the appeal from the Amended Judgment remains pending in the Second Circuit. *See id.* at Dkt. No.167.

In the District of Colombia, Plaintiff filed two lawsuits under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, claiming that the Federal Bureau of Investigation ("FBI") and the Drug Enforcement Agency ("DEA") improperly failed to release records he

requested regarding the criminal investigation that led to his conviction in this Court. *Lasko v. United States Department of Justice, et al.*, Nos.1:07-CV-0787-JR, 1:08-CV-1850, United States District Court for the District of Columbia. His first FOIA complaint was dismissed for failure to exhaust administrative remedies, *Lasko v. United States Department of Justice, et al.*, No.1:07-CV-0787-JR, Dkt. No. 22, and the second was dismissed on the defendants' motion for summary judgment by opinion issued on February 17, 2010, *Lasko v. United States Department of Justice, et al.*, No. 1:08-CV-1850, Slip Op. (Dkt. No. 28). Plaintiff's appeal of that dismissal to the D.C. Circuit Court of Appeals was likewise dismissed. *Lasko v. United States Department of Justice, et al.*, No. 1:08-CV-1850, Dkt. No. 36.

Though not easily decipherable, but in large part rambling and incomprehensible, it seems Plaintiff's Complaint seeks, once again, to challenge both his criminal conviction and the denial of his FOIA requests. For the reasons discussed below, Plaintiff's Complaint will be dismissed.

## II.   DISCUSSION

### A.   *In Forma Pauperis* Application

As to Plaintiff's *in forma pauperis* ("IFP") application, after a careful review of Plaintiff's IFP application, the Court finds that Plaintiff qualifies for IFP status. Plaintiff's request for permission to proceed *in forma pauperis* in this action is therefore granted.

### B.   Sufficiency of Plaintiff's Complaint

Since the Court has found that Plaintiff meets the financial criteria for commencing this case *in forma pauperis*, the Court must consider the sufficiency of the allegations set

4

forth in his pleading in light of 28 U.S.C. § 1915(e). Section 1915(e) directs that, when a plaintiff seeks to proceed *in forma pauperis*, "(2) . . . the court shall dismiss the case at any time if the court determines that – . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, the Court has a gatekeeping responsibility to determine that a complaint may be properly maintained in this District before it may permit a plaintiff to proceed with an action *in forma pauperis*. *See id*. In addition, a pleading must comply with the pleading requirements of the Federal Rules of Civil Procedure.[1]

In deciding whether a complaint states a colorable claim a court must extend a certain measure of deference towards *pro se* litigants, *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and extreme caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and the parties have had an opportunity to respond, *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983). There is, nonetheless, an obligation on the part of the court to determine that a claim is not frivolous before permitting a plaintiff to proceed. *See Fitzgerald v. First East Seventh St. Tenants Corp*., 221 F.3d 362, 363 (2d Cir. 2000) (District Court may dismiss frivolous complaint *sua sponte* notwithstanding fact the plaintiff has paid statutory filing fee); *Wachtler v. County of Herkimer*, 35 F.3d 77, 82 (2d Cir. 1994) (District Court has power to dismiss case *sua sponte* for failure to state a claim).

---

[1]     In determining the sufficiency of a complaint, the Court is mindful that the Federal Rules embrace the concept of "notice pleading," and command that form not be exalted over substance. *Phillips v. Girdich*, 408 F.3d 124, 127-28 (2d Cir. 2005).

"Legal frivolity . . . occurs where 'the claim is based on an indisputably meritless legal theory [such as] when either the claim lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint. *Aguilar v. United States*, Nos. 3:99-MC-304, 3:99-MC-408, 1999 WL 1067841, at *2 (D. Conn. Nov. 8, 1999) (quoting *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998)); *see also Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 1831 (1989) and *Pino v. Ryan*, 49 F.3d. 51, 53 (2d Cir.1995) ("[T]he decision that a complaint is based on an indisputably meritless legal theory, for the purposes of dismissal under section 1915(d), may be based upon a defense that appears on the face of the complaint."). "Dismissal of an IFP case is also required where plaintiff seeks monetary damages against a defendant who is immune from such relief." *Aguilar*, 1999 WL 1067841, at *3 (citing 28 U.S.C. § 1915(e)(2)(B)(iii) and *Spencer v. Doe*, 139 F.3d 107, 111 (2d Cir. 1998)).

Read in light of these standards, the Court finds that Plaintiff's Complaint must be dismissed because it is frivolous and fails to state a claim upon which relief may be granted.

### 1. Res Judicata

When read along side Plaintiff's October 27, 2008 FOIA complaint filed in the District of Colombia and dismissed by that court on February 17, 2010, it becomes obvious that the doctrine of *res judicata*, which the Second Circuit has recognized as an appropriate basis for *sua sponte* dismissal of a *pro se* complaint, *Salahuddin v. E.W. Jones*, 992 F.2d 447, 449 (2d Cir. 1993) (per curiam), requires dismissal of Lasko's Complaint presently before the Court. Under the doctrine of *res judicata*, "once a final judgment has been entered on the merits of a case, that judgment will bar any subsequent

litigation by the same parties or those in privity with them concerning the transaction, or series of connected transactions, out of which the [first] action arose." *Maharaj v. Bankamerica Corp.*,128 F.3d 94, 97 (2d Cir.1997) (internal quotation marks omitted) (alterative in original). As the Second Circuit explained in *Marvel Characters, Inc. v. Simon*, 310 F.3d 280 (2d Cir. 2002), claim preclusion, also known as *res judicata*, requires that a final judgment on the merits of an action be given preclusive effect, barring parties as well as those in privity with them from relitigating in a subsequent action a claim which was or could have been raised in the prior suit. *Id.* at. 286-87; *see also Fay v. South Colonie Cent. Sch. Dist.*, 802 F.2d 21, 28 (2d Cir. 1986) (citing, *inter alia*, *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 85, 104 S .Ct. 892, 898 (1984)), *overruled on other grounds*, *Taylor v. Vermont Dep't of Educ.*, 313 F.3d 768 (2d Cir. 2002). As the Second Circuit also noted in *Salahuddin*, "*res judicata* is a doctrine founded in part on the strong public interest in economizing the use of judicial resources by avoiding relitigation." *Salahuddin,* 992 F.2d at 449.

The second FOIA complaint Plaintiff filed in the District of Colombia, *Lasko v. United States Depart of Justice, et al.*, No. 1:08-CV-1850 (the "Second FOIA Complaint") named the United States Department of Justice ("DOJ") and an assistant United States Attorney, two public defenders, the DEA and two agents thereof, the New York State Police and several of its officers, and the Tioga County Sheriff's Office and several investigators employed by that police agency, and was dismissed on the merits. In that action, the court initially dismissed the complaint as to defendants Thomas P. Walsh, Lisa Peebles, James Greenwald, Mark J. Nemier, Brian Besser, Scott Paully, Danial Ortiz, the New York State Police, Dan Eiklor, Patrick Hogan, John and Jane Does, and the Tioga

7

County Sheriff's Department, all of whom have been named as defendants in the present lawsuit, on the ground that FOIA authorizes suit against federal agencies only. *See id.* at Slip Op. (Dkt. No. 28) p. 2 n.1. In dismissing the entire complaint, the court found that the FBI, which had identified no responsive documents to Plaintiff's FOIA request, and DEA staff searches for records responsive to Lasko's FOIA requests were reasonable under the circumstances. *See Lasko v. United States Depart of Justice, et al.*, No. 1:08-CV-1850, Slip Op. (Dkt. No. 28) at p. 11. Additionally, the court concluded that the DEA's decision to withhold certain records under exemption 2, protecting information related solely to the internal personnel rules and practice of an agency, and exemption 7, protecting certain law enforcement records, was proper. As a result, the court granted summary judgment in favor of the defendants and dismissed Plaintiff's Second FOIA Complaint. *See id.*

In the instant action Plaintiff names thirty-three defendants, including the DOJ and a number of United States Attorneys, public defenders and private attorneys, the DEA and several agents thereof, the New York State Police and several of its officers, and the Tioga County Sheriff's Officer and several investigators employed by that police agency; indeed, in the current Complaint Plaintiff has identified as defendants all of those individuals and entities he named in his Second FOIA Complaint, in addition to identifying some new defendants. Although the complaints in the pending lawsuit and the Plaintiff's second FOIA action are not themselves identical, many of the allegations contained in those pleadings are the same, the Plaintiff's FOIA requests and responses attached as exhibits to each are identical, and both complaints seek compensatory and punitive damages, in addition to some form of declaratory relief. Here, Plaintiff seeks "*in camera*"

review of the entire investigatory record underlying his criminal charges, and in the Second

FOIA Complaint he sought to "compel discovery and turning over" of those same

materials. Perhaps most importantly, the essence of both pleadings is Lasko's claim that

he was deprived of a fair trial because he was denied access to the investigatory materials

that led to the criminal charges, which he sought post-conviction by way of FOIA requests,

and now seeks via this lawsuit.

It is clear that the instant action arises out of the same criminal investigation and

conviction, and denial of FOIA requests, as did the Plaintiff's Second FOIA Complaint.

The final judgment on the merits of the Second FOIA Complaint entered in favor of the

defendants in that action cannot be relitigated here. As a result, Plaintiff's Complaint must

be dismissed under the doctrine of *res judicata*.

### 2. Plaintiff Has Failed to State a Claim Under Section 1983

Although the crux of Plaintiff's claim seems to be the pursuit of the materials

underlying his criminal investigation and the undoing of his criminal conviction, the

introductory paragraph of Plaintiff's Complaint characterizes this action as one for relief

under the 42 U.S.C. § 1983 as well as §§ 1985 and 1986. In order to state a claim

pursuant to 42 U.S.C. § 1983, a plaintiff must allege that (1) the challenged conduct was

attributable at least in part to a person or entity acting under color of state law, and (2)

such conduct deprived the plaintiff of a right, privilege, or immunity secured by the

Constitution or laws of the United States. *Dwares v. City of New York*, 985 F.2d 94, 98

(2d Cir. 1993); *see also Torres v. Mazzuca*, 246 F. Supp. 2d 334, 342 (S.D.N.Y. 2003)

(quoting *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250 (1988)). Even when affording

Plaintiff the utmost of special leniency in construing his Complaint, to which he is entitled

9

as a *pro se* litigant, apart from his FOIA claim the only potential claim the Court can discern is one that is directed to the fairness of his criminal trial. Plaintiff asserts that "an evidentiary hearing for an incamera [sic] review should be held to accomplish the means of an actual innocence claim," and that his criminal appeals were frustrated because he was denied exculpatory material. Complaint (Dkt. No. 1) ¶ 12; *see also id*. at ¶¶ 20 and Section VIII. It may be Plaintiff's claim that because he did not have access to the information regarding his criminal investigation he was deprived of due process, a claim directly challenging his conviction. When a prison inmate seeks to challenge the fact or duration of his imprisonment, however, the "sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S. Ct. 1827, 1841 (1973). 28 U.S.C. §§ 2241 and 2255 "set forth special statutory proceedings which enable a person in federal custody to launch a collateral attack on his or her conviction, sentence and incarceration."[2] *Venetucci v. Dep't of State*, No. 05-CV-2174, 2005 WL 1521190, at *4 (E.D.N.Y. Jun. 21, 2005), *aff'd*, 172 Fed. Appx. 337 (2d Cir. 2006). Plaintiff cannot utilize a demand for declaratory relief pursuant to Section 1983 to challenge his conviction. *Id.*

Similarly, any claim for money damages associated with what Plaintiff may believe to be his unlawful conviction and imprisonment is barred by *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364 (1994). In that case, the Supreme Court held,

---

[2]    Section 2255(a), which would seem to apply to Plaintiff's claims here, provides:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Id.* at 486-87, 114 S. Ct. 2372 (footnote omitted). Plaintiff has failed to allege that his conviction has been invalidated. To the contrary, the Court's own records reveal that he was recently resentenced on his conviction, and his appeal of that resentencing to the Second Circuit is still pending.[3] Applying *Preiser* and *Heck* to the case at bar, it is clear that Plaintiff cannot state a claim for relief relating to the fairness of his criminal trial under Section 1983, and the Complaint must be dismissed on this basis.

As Plaintiff is aware, as evidenced by his previous filings with this Court, the proper procedure for Plaintiff to collaterally challenge his conviction is by motion for habeas corpus relief filed pursuant to 28 U.S.C. § 2255(a). Insofar as Plaintiff's Complaint can be interpreted as a motion pursuant to Section 2255, the Court cannot recharacterize Plaintiff's pleading without first providing Plaintiff both notice of its intent to do so and an opportunity to withdraw the complaint rather than having it recast as a motion. *See Adams v. United States*, 155 f3d 582, 584 (2d Cir. 1998) (per curiam). This is so because the of the limited circumstances in which a plaintiff may bring a second or successive motion, and the possible implications on potentially meritorious claims not included in the first

---

[3] The judicial documents and official court records associated with the criminal proceedings, as publically available documents, are properly considered by the court and entitled to judicial notice in connection with this proceeding. *See* Federal Rules of Evidence 201 and 1005; *see also, Wilson v. Limited Brands, Inc.,* 08 CV 3431, 2009 WL 1069165 at *1 n. 1 (S.D.N.Y. April 17, 2009). Moreover, it is well established that a district court may rely on matters of public record in deciding whether to dismiss a complaint. *Pani v. Empire Blue Cross Blue Shield,* 152 F.3d 67, 75 (2d Cir.1998) (citations omitted); *see also Anderson,* 700 F.2d at 44 n. 5.

pleading.[4] *Spillman v. Cully*, No. 08-CV-0008M, 2008 WL 495512, at * 1 (W.D.N.Y. 2008).

For this reason, the Court will not *sua sponte* convert Plaintiff's Complaint to a Section

2255 motion.

### 3. Individual Defendants

Even if the Court could find a cognizable constitutional claim alleged within the four

corners of Plaintiff's Complaint, it would be dismissed as against the individual defendants

named in Plaintiff's caption. Parties may not be held liable under Section 1983 unless it

can be established that they have acted under the color of state law. *See, e.g.,*

*Rounseville v. Zahl*, 13 F.3d 625, 628 (2d Cir. 1994) (noting state action requirement

under § 1983); *Wise v. Battistoni*, No. 92-Civ-4288, 1992 WL 380914, at *1 (S.D.N.Y. Dec.

10, 1992) (same) (citations omitted). State action is an essential element of any Section

1983 claim. *See Gentile v. Republic Tobacco Co.*, No. 95-CV-1500, 1995 WL 743719, at

*2 (N.D.N.Y. Dec. 6, 1995) (Pooler, D.J.) (citing *Velaire v. City of Schenectady*, 862 F.

Supp. 774, 776 (N.D.N.Y. 1994) (McAvoy, C.J.) (citation omitted). It is the plaintiff's duty

to allege state action on the part of the defendants named in a complaint, and a court may

dismiss an action under 28 U.S.C. § 1915(e) where a plaintiff fails to plead such a nexus.

*See, e.g., Giannini vs. Pearson et al.*, No. 95-CV-1669, slip op. at 4 (N.D.N.Y. Dec. 29,

1995) (Scullin, J.), *appeal dismissed* (2d Cir. Apr. 19, 1996); *see also DeMatteis v.*

*Eastman Kodak Co.*, 511 F.2d 306, 311 (2d Cir.) (affirming dismissal of complaint where

---

[4]     The Court notes, without deciding, it appears that even though Plaintiff previously filed for habeas relief relating to this same criminal conviction, a new properly filed Section 2255 motion may not be a second or successive petition under the circumstances presented, in light of the recent Second Circuit decision in *Johnson v. United States*, 623 F.3d 41 (2d Cir. 2010) (holding that the petitioner's proposed Section 2255 motion would not be successive because it was the first challenging the amended judgment of conviction).

plaintiff failed to include allegations of state action in complaint), *modified on other grounds*, 520 F.2d 409 (2d Cir. 1975); *Lawson v. Abrams*, No. CV-84-4325, 1988 WL 49244, *4 (E.D.N.Y. May 6, 1988) (same), *appeal dismissed* 863 F.2d 260 (2d Cir.1988). In addition, a plaintiff must show some tangible connection between the constitutional violation alleged and each defendant. *See Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986).

Plaintiff's Complaint names twenty-five individual defendants. Other than identifying these individuals as parties in Section III of his Complaint, entitled "parties", *see* Complaint (Dkt. No. 1) pp. 3-4, Plaintiff does not even mention twenty-three of those Defendants in the body of his Complaint. While the Complaint generally alleges Defendants were acting under color of state law, it fails to allege the specific conduct of any Defendant that allegedly violated Plaintiff's constitutional rights. The only two Defendants against whom additional allegations are made are Scott Pauley, a state police investigator, and Patrick Hogan, an investigator with the Tioga County Sheriff's Office. Plaintiff alleges that Defendant Hogan testified before the grand jury that Lasko was previously a target of a drug manufacturing investigation. *Id.* at ¶ 16. There are no further allegations against Defendant Hogan. With regard to Defendant Pauley, the Complaint alleges only that he was called to testify at trial regarding prior investigations and that he "outright" lied. *Id.* at ¶ 17. Even if these allegations were true, police officers are absolutely immune from suit for perjurious grand jury or trial testimony. *San Filippo v. U.S. Trust Co. of N.Y.,* 737 F.2d 246, 254 (2d Cir. 1984); *Linder v. New York State Police*, No.

1:07-CV-0371, 2007 WL 1288027, at *2 (N.D.N.Y. Apr. 30, 2007) (Kahn, J.).[5]

In view of the foregoing, Plaintiff's Complaint fails to state plausible claims under Section 1983 against any of the individual defendants, and the claims are subject to dismissal on this basis as well.[6]

### 4.   Federal Agency And Employee Defendants

As to the DOJ, DEA, and those defendants employed by those federal agencies, it is well-settled that a section 1983 claim does not lie against the federal government, its agencies, or employees. *See Kingsley v. Bureau of Prisons*, 937 F.2d 26, 30 n. 4 (2d. Cir.1991) (an action brought pursuant to Section 1983 "cannot lie against federal officers."); *Murray v. Dep't of Justice*, 821 F. Supp. 94, 100 (E.D.N.Y.1993) (*citing District of Columbia v. Carter*, 409 U.S. 418, 424-25, 93 S.Ct. 602 (1973) (Section 1983 "does not apply to the actions of the federal government or its officers."). Section 1983 creates a cause of action against persons, or other entities, who violate one's constitutional rights

---

[5]     While witnesses are not immune from extrajudicial actions such as conspiracy to present false testimony, *Dory v. Ryan*, 25 F.3d 81, 83 (2d Cir. 1994), the Plaintiff's Complaint is devoid of any allegations that Defendants Hogan and Pauley conspired to present false testimony. In fact, Plaintiff does not even allege that Hogan's testimony was false, and he alleges no connection or agreement between Hogan and Pauley, who are police officers with different police agencies.

[6]     Plaintiff makes reference to an alleged right to be free from negligent acts by public officials and the failure of supervisors to properly exercise supervision. *See* Complaint (Dkt. No. 1) ¶ 18. Mere negligence, however, does not rise to a level sufficient to support a constitutional claim under Section 1983 or Bivens. *See Estelle v. Gamble*, 429 U.S. 97, 106, 104, 97 S. Ct. 285, 290, 292 (1976); *see also Davidson v. Canon*, 474 U.S. 344, 347-348, 106 S. Ct. 668, 670 (1986). Furthermore, a supervisor cannot be liable for damages under Section 1983 solely by virtue of being a supervisor. *Richardson v. Goord*, 347 F.3d 431, 435 (2d Cir. 2003); *Wright v. Goord*, 21 F.3d 496, 501 (2d Cir. 1994). Culpability on the part of a supervisory official for a civil rights violation can, however, be established in one of several ways, including when that individual 1) has directly participated in the challenged conduct; 2) after learning of the violation through a report or appeal, has failed to remedy the wrong; 3) created or allowed to continue a policy or custom under which unconstitutional practices occurred; 4) was grossly negligent in managing the subordinates who caused the unlawful event; or 5) failed to act on information indicating that unconstitutional acts were occurring. *Iqbal v. Hasty*, 490 F.3d 143, 152-53 (2d Cir. 2007), *rev'd on other grounds sub nom.*, *Ashcroft v. Iqbal*, ___ U.S. ___,129 S. Ct. 1937 (2009); *see also Richardson*, 347 F.3d at 435; *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995); *Wright*, 21 F.3d at 501. Again, Plaintiff has failed to allege any conduct on the part of any Defendant that would support liability under the grounds enunciated in *Iqbal*.

'under color of state law.' The federal government does not act under color of state law.");

*Chodos v. Federal Bureau of Investigation*, 559 F. Supp. 69, 72 (S.D.N.Y.1982), *aff'd*, 697

F.2d 289 (2d. Cir.1982), *cert. denied*, 459 U.S. 1111, 103 S. Ct. 741 (1983) ("An action

brought pursuant to 42 U.S.C. § 1983 cannot lie against federal officers."). Accordingly,

Plaintiff's Section 1983 claim against the DOJ, DEA, and any federal employee must be

dismissed.

In *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403

U.S. 388, 91 S. Ct. 1999 (1971), the Supreme Court recognized an implied private cause

of action for damages against federal officers who violate a citizen's constitutional rights.

*See Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66-67, 122 S. Ct. 515, 519 (2001)

(discussing the origin of *Bivens* claims). *Bivens* actions, although not precisely parallel,

are the federal analog to Section 1983 actions against state actors. *See Chin v. Bowen*,

833 F.2d 21, 24 (2d Cir. 1987). Plaintiff's Complaint does not purport to allege claims

under *Bivens* against any of the named federal officers. Indeed, nowhere in Plaintiff's

thirteen-page complaint does he mention *Bivens*. Nonetheless, even if Plaintiff's claims

were properly identified as such in the Complaint, those claims seemingly challenging his

criminal conviction also would be barred by *Heck v. Humphrey*. "Given the similarity

between suits under § 1983 and *Bivens*," the Second Circuit has concluded that *Heck*

applies with equal force to *Bivens* actions. *Taverez v. Reno*, 54 F.3d 109, 110 (2d Cir.

1995). For these reasons, to the extent that the Plaintiff's Complaint can be construed as

an attempt to allege *Bivens* claims for constitutional violations relating to his conviction,

Plaintiff's action against the federal agencies and employees is not cognizable.

## 5.   Immunity From Suit

The doctrines of absolute and sovereign immunity provide separate and independent grounds for dismissing Plaintiff's claims against several of the Defendants, including the United States Attorney and Assistant United States Attorneys named, and the New York State Police and any officer of the state police named in his or her official capacity.

It is well-established that prosecutors are absolutely immune from liability in matters involving the prosecution – or failure to prosecute – individuals. *See Dory*, 25 F.3d at 83 (prosecutorial immunity covers virtually all acts, regardless of motivation, associated with the prosecutor's function, including conspiracies to present false evidence); *see also, Schloss v. Bouse*, 876 F.2d 287, 290 (2d Cir. 1989) (prosecutor protected by absolute immunity in suit challenging failure to prosecute). Accordingly, the claims against United States Attorney and Assistant United States Attorneys must be dismissed.

The Eleventh Amendment protects a state against suits brought in federal court by citizens of that state, regardless of the nature of the relief sought. *Alabama v. Pugh*, 438 U.S. 781, 782, 98 S.Ct. 3057, 3057-58 (1978). This absolute immunity that states enjoy under the Eleventh Amendment extends both to state agencies as well as state officials sued for damages in their official capacities when the essence of the claim involved seeks recovery from the state as the real party in interest. *Richards v. State of New York Appellate Division, Second Dep't*, 597 F. Supp. 689, 691 (E.D.N.Y. 1984) (citing *Pugh* and *Cory v. White*, 457 U.S. 85, 89-91, 102 S. Ct. 2325, 2328-29 (1982)). Therefore, Plaintiff's claims against the New York State Police and any officer of the state police named in his or her official capacity will also be dismissed on this basis.

### 6. Sections 1985 and 1986

16

Plaintiff's Complaint makes initial, and only passing, reference to 42 U.S.C. §§ 1985 and 1986. To sustain a cause of action for conspiracy to violate civil rights under section 1985(3), a plaintiff must allege and demonstrate that the defendants acted with racial or other class-based animus in conspiring to deprive the plaintiff of his or her equal protection of the laws, or of equal privileges and immunity secured by law. *United Brotherhood of Carpenters & Joiners, Local 610, AFL-CIO v. Scott*, 463 U.S. 825, 834-39, 103 S. Ct. 3352, 3359-61 (1983); *Gagliardi v. Village of Pawling,* 18 F.3d 188, 194 (2d Cir. 1994); *Gleason v. McBride*, 869 F.2d 688, 694 (2d Cir. 1989); *Patterson v. County of Oneida*, No. 00-CV-1940, 2002 WL 31677033, at *4 (N.D.N.Y. 2002) (Hurd, J.), *aff'd in relevant part*, 375 F.3d 206 (2d Cir. 2004); *Benson v. United States*, 969 F. Supp. 1129, 1135-36 (N.D. Ill. 1997) (citing, *inter alia*, *United Brotherhood*, 463 U.S. at 434-37); *see also LeBlanc-Sternberg v. Fletcher*, 67 F.3d 412, 427 (2d Cir. 1995). A plaintiff asserting a claim under section 1985(3) need not necessarily offer proof of an explicit agreement; a conspiracy can in the alternative be evidenced circumstantially, through a showing that the parties had a "'tacit understanding to carry out the prohibited conduct.'" *LeBlanc-Sternberry*, 67 F.3d at 427 (quoting *United States v. Rubin,* 844 F.2d 979, 984 (2d Cir.1988)). This notwithstanding, in order to properly plead such a claim, a plaintiff must make more than "conclusory, vague, or general allegations of conspiracy." *Sommer v. Dixon*, 709 F.2d 173, 175 (2d Cir.1983) (per curiam); *Williams v. Reilly*, 743 F. Supp. 168, 173 (S.D.N.Y. 1990) ("[u]nsubstantiated, conclusory, vague or general allegations of a conspiracy to deprive constitutional rights are not enough to survive [even] a motion to dismiss"). "[D]iffuse and expansive allegations are insufficient, unless amplified by specific instances of misconduct." *Ciambriello v. County of Nassau*, 292 F.3d 307, 325 (2d Cir. 2002)

(quoting *Dwares v. City of New York*, 985 F.2d 94, 100 (2d Cir. 1993)). Moreover, it is well settled that a plaintiff attempting to establish a claim under 42 U.S.C. § 1985(3) must demonstrate that the defendant under consideration acted with class-based invidiously discriminatory animus. *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 266-68 (1993). "When a plaintiff fails to establish membership in a protected group, a civil rights conspiracy complaint under 42 U.S.C. § 1985 may be dismissed." *Estes-El v. Town of Indian Lake*, 954 F.Supp. 527, 532 (N.D.N.Y. 1997)(citation and internal quotations omitted).

Plaintiff's Complaint in this case is wholly devoid of specifics in connection with his Section 1985 and 1986 claims. There are no allegations of an explicit agreement to deprive the Plaintiff of his constitutionally protected rights, nor are there any allegations of fact that might provide circumstantial evidence of a tacit understanding to effect prohibited conduct. Indeed, Plaintiff does not even generally allege the existence of a conspiracy to deprive him of his constitutional rights. Additionally, Plaintiff's Complaint lacks any allegation regarding race-based animus or his membership in a suspect class providing motivation for the acts complained of. For these reasons, I find Plaintiff's allegations insufficient to state a claim under section 1985(3), and as a result these claims must be dismissed.

Additionally, the statute of limitations governing Section 1985 actions is three years. *See Cornwell v. Robinson*, 23 F.3d 694, 703 (2d Cir. 1994). The statute of limitations accrues when the plaintiff knows of the injury on which the claim is based. *See Jaghory v. New York State Dep't of Educ.*, 131 F.3d 326, 331 (2d Cir.1997). If Plaintiff claims that the Defendants conspired to deprive him of investigatory information, which in turn deprived

18

him of a fair trial, he was aware at the time of trial that he was not privy to that information. Accordingly, that claim would have accrued, at the latest, at the conclusion of trial when Plaintiff was convicted on October 21, 2003, almost seven years before he filed this Complaint, and any Section 1985(3) would also be subject to dismissal as time-barred.

A claim under Section 1986 is dependent up the existence of a claim under Section 1985. Accordingly, since there is no claim stated under Section 1985, Plaintiff has likewise failed to state a claim under Section 1986. *Dacey v. Dorsey*, 568 F.2d 275, 277 (2d Cir. 1978).

## III.   AMENDMENT OF COMPLAINT

Generally, when a *pro se* action is dismissed *sua sponte*, the plaintiff should be allowed to amend his or her complaint. *See Gomez v. USAA Federal Savings Bank*, 171 F.3d 794, 796 (2d Cir. 1999). However, an opportunity to amend is not required where "the problem with [plaintiff's] causes of action is substantive" such that "[b]etter pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (finding that repleading would be futile) (citation omitted); *see also Cortec Indus. Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice.") (affirming, in part, dismissal of claim with prejudice) (citation omitted); *cf. Gomez*, 171 F.3d at 796 (granting leave to amend is appropriate "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim."). Stated differently, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) (citations omitted);

19

*accord, Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997)

(Pooler, J.) ("[T]he court need not grant leave to amend where it appears that amendment

would prove to be unproductive or futile.") (citation omitted).

In this case, it seems clear that Plaintiff cannot state a viable cause of action under

FOIA or Sections 1983, 1985, and 1986, and that any amendment would therefore be

futile. Accordingly, the Complaint will be dismissed without leave to amend.

## IV.   MOTION FOR REASSIGNMENT OF THE CASE

Plaintiff has also filed a document with the Court entitled, "Ex-Parte Motion to Re-

Assign Case to An Impartial Jurist", Dkt. No. 5, in which he claims that I should recuse

myself from this lawsuit because I presided over his criminal proceeding, which is

presently on appeal to the Second Circuit, and also that Magistrate Judge David E.

Peebles should not be assigned to this civil action because Lisa Peebles, formerly Judge

Peebles' wife, is a named defendant.

Requests for recusal of federal judges are governed by 28 U.S.C. §§ 144 and 455.

Under section 144 of the United States Code, a judge may be required to recuse himself

or herself based on "personal bias or prejudice against [a party] or in favor of any adverse

party." 28 U.S.C. § 144. With respect to disqualification of judges and magistrate judges,

Section 455 provides, in relevant part,

> (a) Any justice, judge, or magistrate judge of the United States shall
> disqualify himself in any proceeding in which his impartiality might
> reasonably be questioned.

> (b) He shall also disqualify himself in the following circumstances:

>> (1) Where he has a personal bias or prejudice concerning a party, or
>> personal knowledge of disputed evidentiary facts concerning the
>> proceeding; . . .

> (5) He or his spouse, or a person within the third degree of relationship to
> either of them, or the spouse of such a person:
>
> (i) Is a party to the proceeding, or an officer, director, or trustee of a party; . ..

28 U.S.C. § 455. Liberally construing Plaintiff's submission, it appears to be his contention

that given my involvement in his criminal proceeding, I should recuse myself from this civil

lawsuit on the basis of personal knowledge of disputed evidentiary facts concerning this

lawsuit. It is well established, however, that "[k]nowledge acquired by [a] judge while he

performs judicial duties does not constitute grounds for disqualification." *United States v.*

*Coven*, 662 F.2d 162, 168 (2d Cir. 1981) (citing *United States v. Grinnell Corp.*, 384 U.S.

563, 583, 86 S. Ct. 1698, 1710 (1966)), *cert. denied*, 456 U.S. 916, 102 S. Ct. 1771

(1982). Furthermore, it has long been recognized that "opinions held by judges as a result

of what they learned in earlier proceedings" cannot be characterized as bias or prejudice

and that it is "normal and proper" for a judge to sit in successive cases involving the same

defendant. *Liteky v. United States*, 510 U.S. 540, 551, 114 S. Ct. 1147, 1155 (1994); *see*

*also United States v. Giordano*, 442 F.3d 30, 48 (2d Cir.2006) (finding recusal

unnecessary where judge who authorized a wiretap would also rule on the admissibility of

evidence obtained from the wiretap), *cert. denied*, 549 U.S. 1213, 127 S. Ct. 1253 (2007);

*Omega Engineering, Inc. v. Omega*, S.A., 432 F.3d 437, 447-48 (2d Cir.2005)

("Knowledge gained from the judge's discharge of his judicial function is not a ground for

disqualification."). The fact that I presided over Lasko's criminal proceeding does not

require that I recuse myself from this civil lawsuit, and his motion will be denied. *United*

*States v. Gelb*, 783 F. Supp. 748, 758 (E.D.N.Y. 1991).

With respect to Judge Peebles, in light of my determination that Plaintiff has failed

to state a cause of action and that his claims are frivolous, Plaintiff's application will be denied as moot.

## V.   CONCLUSION

As Plaintiff well knows, the proper vehicle to challenge his conviction is by way of a motion for habeas corpus relief filed pursuant to 28 U.S.C. § 2255(a).  In the event that Plaintiff chooses to file such a motion, he is reminded that the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), places stringent limits on a prisoner's ability to bring a second or successive habeas motion under Section 2255. *Adams v. United States*, 155 F.3d 582, 583-84  (2d Cir. 1998).  Plaintiff is further advised that if he chooses to file a Section 2255 motion it will be subject to the one-year period of limitations set forth in Section 2255(f), and any subsequent Section 2255 motion challenging his conviction will be subject to the restrictions on "second" or "successive" motions set forth in 28 U.S.C. § 2255.

**WHEREFORE**, it is hereby

**ORDERED** that Plaintiff's application to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**,[7] and it is further

**ORDERED**, that Plaintiff's FOIA claims are dismissed with prejudice and the remainder of the claims asserted in the Complaint are dismissed without prejudice; and it is further

**ORDERED**, that Plaintiff's motion for reassignment of the case (Dkt. No. 5) is

---

[7]     Plaintiff should note that although his application to proceed *in forma pauperis* has been granted, he still will be required to pay other fees that he might incur in this action, including copying and/or witness fees.

denied: and it is further order,

   **ORDERED**, that the Clerk provide Plaintiff with a blank form for filing a Section

2255 motion; and it is further

   **ORDERED**, that the Clerk serve a copy of this Order on the Plaintiff by regular mail.

Dated:January 19, 2011

Thomas J. McAvoy
Senior, U.S. District Judge